**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| AMAN SINHA,<br><br>　　　　　　　　　　Plaintiff,<br><br>　v.<br><br>FRANK BISIGNANO, Commissioner of Social Security,[1]<br><br>　　　　　　　　　　Defendant. | Case No. 23-cv-00363-BAS-BGS<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR APPROVAL OF ATTORNEY'S FEES**<br><br>**(ECF No. 12)** |

Presently before the Court is Plaintiff Aman Sinha's motion for approval of attorney's fees under 42 U.S.C. § 406(b). (ECF No. 12.) The Commissioner of Social Security responded to the motion. (ECF No. 14.) The Court finds Sinha's motion suitable for determination on the papers submitted and without oral argument. *See* Fed. R. Civ. P. 78(b); Civ. L.R. 7.1(d)(1). For the following reasons, the Court **GRANTS** the motion for approval of attorney's fees.

## I.　BACKGROUND

Sinha filed an application for disability insurance benefits, alleging disability commencing on June 1, 2020. (ECF No. 1 ¶ 6.) The application was denied following a final administrative decision. (*Id.* ¶ 2.)

---

[1] The Court substitutes Commissioner of Social Security Frank Bisignano in place of the former official, Acting Commissioner of Social Security Kilolo Kijakazi. *See* Fed. R. Civ. P. 25(d)(1).

To challenge the Commissioner's decision, Sinha retained counsel and entered into a Social Security Disability Contingency Fee Contract ("Contingency Fee Contract"). (ECF No. 12-2.) The Contingency Fee Contract provides that the fee for the appeal of the denial of benefits is "twenty-five (25%) of the past-due benefits that are awarded . . . in the event . . . [Sinha's] case is won." (*Id.* at 1.)

On February 24, 2023, Sinha sought judicial review in this Court. (ECF No. 1 ¶ 1.) He and the Commissioner then filed a Joint Motion for Voluntary Remand Pursuant to 42 U.S.C. § 405(g). (ECF No. 7.) The Magistrate Judge granted the Joint Motion and remanded the action to the Commissioner of Social Security for further proceedings consistent with the terms of the Joint Motion. (ECF No. 8.) Specifically, the Joint Motion requested that, "[u]pon remand, the Appeals Council [] remand the case to an Administrative Law Judge (ALJ) to take any actions necessary to further develop the record, offer Plaintiff a de novo hearing, and issue a new decision." (ECF No. 7 at 2:6–8.) The Magistrate Judge further ordered the Clerk to enter final judgment in favor of Plaintiff, and against Defendant, reversing the Commissioner's final decision. (ECF No. 8.)

In light of the Court's decision, the parties filed a joint motion for an award of attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). (ECF No. 10.) The Court granted the Joint Motion and awarded Sinha $986.79 in attorney's fees. (ECF No. 11.)

Upon remand, the ALJ held a second hearing, and the ALJ found Sinha to be disabled as of March 2021. (ECF No. 12 at 3:15–18; ECF No. 12-1.) Accordingly, on November 11, 2024, the Social Security Administration issued a Notice of Award indicating Sinha was entitled to past-due benefits. (ECF No. 12-1.) Additionally, the Notice of Award noted that $26,898.68 was being withheld to pay Sinha's appointed representative. (*Id.*)

Sinha now returns to this Court to seek approval of attorney's fees in the amount of $10,986.79, representing approximately 10.21% of the past-due benefits, according to Plaintiff's calculation. (ECF No. 12 at 3:19–23 & n.1, 4:1–3.) The real-party-in-interest,

Sinha's counsel, served a copy of the motion for approval of attorney's fees on Sinha, and Sinha has consented to the award of $10,986.79. (ECF No. 12-5.) The Commissioner has filed a response. (ECF No. 14.)

## II.   ANALYSIS

The law regulates the fees that attorneys may charge Social Security claimants for representation before the Social Security Administration and a reviewing court. *See* 42 U.S.C. § 406(a)–(b). The representation here concerned Sinha's claim for benefits under Title II of the Social Security Act. Title II "is an insurance program that provides old-age, survivor, and disability benefits to insured individuals irrespective of financial need." *Culbertson v. Berryhill*, 139 S. Ct. 517, 519–20 (2019) (quoting *Bowen v. Galbreath*, 485 U.S. 74, 75 (1988)). A claim for Title II benefits may "result in payments of past-due benefits—*i.e.*, benefits that accrued before a favorable decision—as well as ongoing monthly benefits." *Id.* (citations omitted).

Sinha received an award of past-due benefits after this Court entered a judgment in his favor. Hence, the relevant fee provision is 42 U.S.C. § 406(b). This statute provides:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may . . . certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits.

42 U.S.C. § 406(b)(1)(A). Accordingly, § 406(b) limits fees for representation before the court "to no more than 25% of past-due benefits and allows the agency to withhold past-due benefits to pay these fees." *Culbertson*, 139 S. Ct. at 520.

Social Security claimants routinely enter into "contingent-fee contracts that produce fees no higher than the 25 percent ceiling." *Gisbrecht v. Barnhart*, 535 U.S. 789, 800 (2002); *see also Crawford v. Astrue*, 586 F.3d 1142, 1147 (9th Cir. 2009) (en banc). In *Gisbrecht*, the Supreme Court determined that "§ 406(b) does not displace contingent-fee

- 3 -

agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court." 535 U.S. at 807. Instead, because the statute authorizes a "reasonable fee," it "calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *See id.*

Additionally, where a contingency agreement exists, the Supreme Court emphasized that the starting point for assessing reasonableness of the fee amount is the agreement itself, not the familiar lodestar method. *Gisbrecht*, 535 U.S. at 797–809. In testing the contingency agreement's reasonableness, the court may appropriately reduce "the attorney's recovery based on the character of the representation and the results the representative achieved." *Id.* at 808. For example, a downward adjustment may be justified if the attorney was responsible for a delay, "so that the attorney will not profit from the accumulation of benefits during the pendency of the case in court." *Id.* at 808.

Moreover, where counsel is set to receive a windfall because "the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is similarly in order." *See id.* at 808; *accord Astrue*, 586 F.3d at 1151 ("The court may properly reduce the fee for substandard performance, delay, or benefits that are not in proportion to the time spent on the case."). "As evidence of reasonableness of the resulting fee, the court may require counsel to submit a record of hours spent and a statement of normal hourly billing charges." *Astrue*, 586 F.3d at 1151. However, "satellite litigation over attorneys' fees should not be encouraged." *Id.* at 1152 (quoting *Gisbrecht*, 535 U.S. at 808). Finally, although the court's focus is on the contingency agreement, the court can "consider the lodestar calculation but, *only as an aid* in assessing the reasonableness of the fee."[2] *Id.*

---

[2] Because fees under § 406(b) are paid from past-due benefits, the Commissioner of Social Security "has no direct financial stake in the answer to the § 406(b) question; instead, [he] plays a part in the fee determination resembling that of a trustee for the claimants." *Gisbrecht*, 535 U.S. at 798 n.6. The Commissioner has done so here and provides an analysis of Sinha's fee request and "neither supports nor opposes Counsel's request for attorney's fees under 42 U.S.C. § 406(b)." (ECF 14 at 3:15–16.)

Sinha's Contingency Fee Contract authorizes his counsel to receive "twenty-five percent (25%) of the past-due benefits that are awarded . . . in the event . . . [Sinha's] case is won." (ECF No. 12-2 at 1.)  In assessing whether the requested fee is reasonable, the Court initially notes that there is no evidence of "fraud or overreaching" in the negotiation of the Contingency Fee Contract. *See Astrue*, 586 F.3d at 1145.  Indeed, such agreements are common, and Sinha has been given the opportunity to oppose the motion for approval of his counsel's fee.  He has not done so.  Further, a reduction for substandard performance is not warranted.  Sinha's counsel ably represented him and was successful in obtaining a favorable judgment that led to his award of substantial past-due benefits.  Nor is a reduction for delay warranted here; there was thus no "excessive delay attributable to" Sinha's counsel in the proceedings before this Court.  *See id.* at 1146.

In addition, the proposed fee does not constitute a windfall to Sinha's counsel.  Although the Contingency Fee Contract authorizes counsel to seek up to 25% of Sinha's past-due benefits—$26,898.68—the requested fee of $10,986.79 amounts to approximately 10.21% of the past-due benefits, representing a reduction of roughly 59% from the maximum permitted under the fee agreement. (ECF No. 12 at 4:3–4.)  Thus, the requested fee, which is "significantly lower" than the fee bargained for in the Contingency Fee Contract, is "not excessively large in relation to the benefits achieved." *See Astrue*, 586 F.3d at 1151.  Moreover, Sinha's counsel's decision to "voluntarily reduce" the requested fee from the allowable 25% further suggests the fee is reasonable and will not constitute a windfall. *See id.* at 1152.

The Court also observes that counsel spent 4.2 hours on Sinha's case at the district court level (ECF No. 12-4), and that the requested fee of $10,986.79 therefore amounts to an hourly rate of $2,615.90 (ECF No. 14 at 12:14–16).  Although counsel is receiving a substantial award on a per-hour basis, *Gisbrecht* and *Astrue* make clear that a lodestar analysis—which begins by multiplying the hours reasonably expended by a reasonable hourly rate—does not control the evaluation of fees under § 406(b). *See Gisbrecht*, 535 U.S. at 806; *Astrue*, 586 F.3d at 1149.  As discussed, contingency fee agreements are the

"primary means" of setting fees, with § 406(b) calling for an "independent check" through judicial review. *Gisbrecht*, 535 U.S. at 807. Therefore, the Court finds that consideration of the hourly rate in this case is not particularly helpful in determining whether the fee constitutes a windfall, nor does the Court wish to penalize counsel for achieving a favorable result efficiently.

In sum, the Court finds that the requested fee is reasonable. Sinha agreed that his counsel would be paid up to 25% of his past-due benefits, and his counsel chose to bear the risk of non-payment in the event that the appeal was unsuccessful. His counsel now seeks $10,986.79, or 10.21% of the past-due benefits. Given the circumstances of the case, the Court finds a downward adjustment to the requested fee is not appropriate. Therefore, the Court will grant Sinha's motion for approval of $10,986.79 in fees under 42 U.S.C. § 406(b).

* * *

Having awarded fees under § 406(b), the Court briefly discusses Sinha's counsel's prior EAJA award. The Court awarded Sinha's counsel $986.79 in fees under the EAJA. "Congress amended the EAJA in 1985 to add a savings provision that allows attorneys to receive fees under both § 406(b) and [EAJA, 28 U.S.C.] § 2412." *Parrish v. Comm'r of Soc. Sec. Admin.*, 698 F.3d 1215, 1218 (9th Cir. 2012). "However, in order to maximize the award of past-due benefits to claimants and to avoid giving double compensation to attorneys, the savings provision requires a lawyer to offset any fees received under § 406(b) with any award that the attorney receives under § 2412 if the two were for the 'same work.'" *Id.*; *see also Gisbrecht*, 535 U.S. at 796 (noting the claimant's attorney must refund to the claimant the smaller fee amount). Because here Sinha's counsel's fees under the EAJA and § 406(b) are for the same work, the Court will order Sinha's counsel to remit the $986.79 fee to Sinha.

### III. CONCLUSION

In light of the foregoing, the Court **GRANTS** Sinha's motion for approval of attorney's fees under 42 U.S.C. § 406(b). (ECF No. 12.) The Court approves Sinha's

1  counsel's request to receive $10,986.79 in fees withheld by the Social Security
2  Administration.  Further, the Court **ORDERS** Sinha's counsel to remit to Sinha the
3  $986.79 that counsel received under the EAJA.
4      **IT IS SO ORDERED.**

6  **DATED: June 6, 2025**

7      **Hon. Cynthia Bashant, Chief Judge**
8      **United States District Court**